FILED
OCT 0 8 2024
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY ___ DEP CLK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CR-302-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL INFORMATION |
| | ) | |
| DAVID C. BOHMERWALD | ) | |
| | ) | |

The United States Attorney charges that:

## INTRODUCTION

1. The Export Control Reform Act ("ECRA"), 50 U.S.C. § 4801 *et seq.*, provides, among other things, that the national security and foreign policy of the United States require that the export, reexport, and in-country transfer of items be controlled and grants the President the authority to control such activities. ECRA further grants to the Secretary of Commerce the authority to establish the applicable regulatory framework.

2. Pursuant to ECRA, the Department of Commerce reviews and controls the export of certain items from the United States to foreign destinations through the Export Administration Regulations ("EAR"), 15 C.F.R. Parts 730-774. In particular, the EAR restrict the export of items that could make a significant contribution to the military potential of other nations or that could be detrimental to the foreign policy or national security of the United States. The EAR impose licensing and other

requirements for items subject to the EAR to be exported lawfully from the United States or reexported from one foreign destination to another.

3. Pursuant to the EAR, the Department of Commerce may impose licensing requirements for specific exports, reexports, or in-country transfers of any item upon determining an unacceptable risk of use in or diversion to a military end use in China, among other foreign destinations. *Id.* § 744.21(b).

4. An accelerometer is an electronic device that measures the vibration, tilt, and acceleration of motion of a structure. Accelerometers are used in industrial, aerospace, and military systems. In aerospace and military applications, they play a critical role in structural testing and monitoring, impact survival tests, flight control systems, weapons and craft navigation systems, active vibration dampening, stabilization, and other systems.

5. U.S. Company 1 was a United States-based company that, among other things, manufactured and sold a specific model industrial-grade surface mount micro-electromechanical systems ("MEMS") DC accelerometer (hereinafter "U.S. Company 1 accelerometer(s)").

6. In June 2019, pursuant to 15 C.F.R. § 744.21, the Department of Commerce determined that the export of U.S. Company 1 accelerometers to Hong Kong and China posed an unacceptable risk of use in, or diversion to, military end use activities in China and, therefore, required a license to export to Hong Kong and China.

## THE CHARGE

6. On or about August 16, 2023, in the Eastern District of North Carolina, DAVID C. BOHMERWALD, the defendant, did knowingly and willfully export and cause to be exported, or attempt to export, U.S. Company 1 accelerometers from the United States to China without first having obtained the required authorization or license from the Department of Commerce, in violation of Title 50 United States Code Section 4819 and Title 15 Code of Federal Regulations Sections 744.21(b) and 764.2.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## FORFEITURE NOTICE

7. The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to 50 United States Code § 4819(d)(1).

8. Upon conviction of a violation of Title 50, United States Code, Sections 4819(a)(1), 4819(a)(2)(A)-(G), and 4819(b), the defendant shall forfeit to the United States, pursuant to 50 United States Code § 4819(d)(1), any property, (A) used or intended to be used, in any manner, to commit or facilitate the violation; (B) constituting or traceable to the gross proceeds taken, obtained, or retained, in connection with or as a result of the violation; or (C) constituting an item or technology that is exported or intended to be exported in the violation.

9. The property to be forfeited includes, but is not limited to, an order of forfeiture for at least $28,500.00, which represents the proceeds the defendant personally obtained from the offense.

10. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

4

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

MICHAEL F. EASLEY, JR.
United States Attorney

*(signature)*

LOGAN W. LILES
Assistant United States Attorney

JENNIFER K. GELLIE
Executive Deputy Chief,
Counterintelligence and Export Control
Section, National Security Division

*(signature)*

Brendan P. Geary
Trial Attorney